UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY HENDRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00748-TWP-DKL |
| | ) |
| TOWN OF SUMMITVILLE, INDIANA, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on a Motion for Partial Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Town of Summitville, Indiana ("Summitville") ([Filing No. 9](Filing No. 9)). After his employment with Summitville ended following nearly twenty-eight years of service as the Town Marshal, Plaintiff Anthony Hendrick ("Hendrick") sued Summitville in state court for unpaid wages under the Indiana Minimum Wage Law ("IMWL"), Indiana Code § 22-2-2 *et seq*. The state court entered summary judgment in favor of Summitville and dismissed the case without prejudice. Hendrick then filed this case, asserting the same IMWL claims as well as a claim for unpaid wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Summitville moved for summary judgment on the two state law claims on the bases of collateral estoppel and that Summitville is not an "employer" under the IMWL, making that statute inapplicable. For the following reasons, the Court **GRANTS** Summitville's Motion for Partial Summary Judgment.

### I.   BACKGROUND

The following material facts are not necessarily objectively true; but, as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Hendrick as the

non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Additionally, as Hendrick explains, "Hendrick does not dispute any of the facts set forth by Defendant in its Statement of Undisputed Material Facts [Docket Entry No. 11, pgs. 6-7] for purposes of the pending Motion." (Filing No. 12 at 2.)

Summitville is an Indiana political subdivision. Hendrick was employed by Summitville as its Town Marshal for almost twenty-eight years. As Summitville's Town Marshal, he was the only individual employed by Summitville who engaged in law enforcement activities prior to May 11, 2012, and up until he was injured and went on workers' compensation on October 29, 2013. Hendrick remained on workers' compensation until March 25, 2014. On March 28, 2014, he submitted his letter of resignation as Summitville's Town Marshal. His resignation became effective on April 30, 2014. Hendrick received his final paycheck on that date. (Filing No. 11 at 6.) During the final three years of his tenure as Town Marshal, Hendrick regularly worked between 130 and 140 hours per week and was paid a gross salary of approximately $759.00 per week. (Filing No. 12-1 at 1.)

Due to Hendrick's injury and subsequent resignation as Summitville's Town Marshal, from December 23, 2013, through July 24, 2014, Summitville employed J.C. Cook to serve as interim Town Marshal. J.C. Cook received his last paycheck on August 7, 2015. At no time was Hendrick ever responsible for overseeing J.C. Cook. In addition to the employment of Hendrick and J.C. Cook, Summitville employed a street and sewage commissioner and a town clerk on a full-time basis, a town clerk's assistant on a part-time basis, and two street and sewage department employees on a part-time basis. (Filing No. 11 at 6–7.)

Hendrick previously brought IMWL state law claims against Summitville in Madison Circuit Court No. 6 under Cause No. 48C06-1410-PL-000133. On April 8, 2015, the state court

entered summary judgment in favor of Summitville and against Hendrick on the IMWL state law claims and dismissed Hendrick's complaint without prejudice. (Filing No. 10-2.) Hendrick never appealed the state court's entry of summary judgment in favor of Summitville and against Hendrick. (Filing No. 11 at 7.)

On May 11, 2015, Hendrick filed his Complaint in this case, asserting a claim for failure to pay minimum wages and a claim for failure to pay overtime wages under the IMWL. He also asserted a claim for failure to pay minimum wages under the federal FLSA. (Filing No. 1 at 3.) In his Complaint, Hendrick alleged that Summitville "is an 'employer' within the meaning of the FLSA, 29 U.S.C. § 203(d) and (x), and as that term is defined by Indiana Code § 22-2-2-3." (*Id.* at 1.) On May 27, 2015, Summitville filed its Answer and admitted that it is an "employer" within the meaning of the FLSA but denied that it is an "employer" within the meaning of the IMWL. (Filing No. 7 at 1.)

On October 30, 2015, Summitville moved for partial summary judgment on Counts II and III of the Complaint (the two IMWL state law claims), asserting that the claims should be dismissed because of collateral estoppel and because Summitville is not an "employer" under the IMWL, making that statute inapplicable.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences

in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

In seeking summary judgment, Summitville first asserts that Hendrick is collaterally estopped from pursuing his two IMWL claims because those state law claims were previously adjudicated in the Madison Circuit Court, and the Court should give full faith and credit to the state court's order granting summary judgment to Summitville and dismissing Hendrick's state law claims. Summitville also asserts that it is entitled to summary judgment in this case because it is not an "employer" as that term is defined in the IMWL at Indiana Code § 22-2-2-3. Thus,

Summitville cannot be held liable under the IMWL because it falls entirely outside the scope of that state statute. In granting Summitville's Motion for Partial Summary Judgment, the Court focuses its analysis and decision on this second argument for summary judgment.

In responding to the summary judgment motion, Hendrick advances arguments of preemption, pleading in the alternative, and statute of limitations. At the core of each of these arguments is Hendrick's rationale that, if his FLSA claim fails, then his state law IMWL claims should be viable because those claims would provide the only other possible relief. Hendrick asserts that, if he cannot ultimately prevail on his FLSA claim, then the FLSA does not apply and his state law IMWL claims should proceed.

In support of its summary judgment motion, Summitville explains that,

> When enacting the IMWL, as part of the IMWL, the Indiana Legislature made it a requirement, and it remains a requirement to this day, that an employer must meet the definition of "employer" as set forth in Ind. Code § 22-2-2-3 in order to be subject to *any* of the provisions of the IMWL, including the overtime pay provisions found at Ind. Code § 22-2-2-4(k). Ind. Code 22-2-2 et seq. Moreover, the Indiana Legislature makes it clear in Ind. Code § 22-2-2-3 that an employer need only be subject to the minimum wage provisions, and not the overtime pay provisions, of the FLSA in order to be excluded from such definition of "employer" applicable to the IMWL. Ind. Code § 22-2-2-3.

([Filing No. 13 at 11](Filing No. 13 at 11)) (emphasis in original).

The Indiana General Assembly defined "employer" for purposes of the IMWL in this way:

> "Employer" means any individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees. However, it shall not include any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201-209).

Ind. Code § 22-2-2-3.

This statutory definition does not use the phrase "subject to the minimum wage *and overtime provisions*" of the FLSA. It also does not use the phrase "subject to the minimum wage

5

*or overtime provisions*" of the FLSA.  This definition of "employer" excludes an employer on the basis of being "subject to the minimum wage provisions" of the FLSA.

Furthermore, the statutory definition does not include or exclude an employer on the basis of whether the employee might ultimately prevail on the merits of his FLSA claim.  It also does not include or exclude an employer on the basis of whether the employee's IMWL state law claims fall outside the statute of limitations for FLSA claims but within the statute of limitations for IMWL claims.

The statutory definition the Indiana General Assembly chose to use when it enacted the IMWL specifically excluded "any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act." Ind. Code § 22-2-2-3.  Therefore, to determine whether Summitville is excluded from the IMWL because of the statutory definition, and therefore, whether the IMWL claims can survive the summary judgment motion, the Court must determine whether Summitville is subject to the minimum wage provisions of the FLSA.  The Court notes that its analysis and decision is not based on the legal principle of federal preemption.  It is based simply on the statutory definition in the IMWL and the statute's inapplicability.

An employer under the FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency," and a "'[p]ublic agency' means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States . . . , a State, or a political subdivision of a State; or any interstate governmental agency." 29 U.S.C. § 203(d), (x).  The minimum wage provisions of the FLSA, found at 29 U.S.C. § 206, are applicable to Summitville as a public agency that employed Hendrick as its town marshal because none of the exemptions apply to Summitville.  *See* 29 U.S.C. § 213(a) and (b)(20) (exempting Summitville from "overtime" provisions but not

from minimum wage provisions). Because Summitville is subject to the FLSA minimum wage provisions, it is not an employer for purposes of the IMWL. Therefore, the IMWL does not apply to Summitville, and Hendrick's claims under the IMWL must fail.

Hendrick pled in his Complaint that Summitville is an employer within the meaning of the FLSA, and Summitville admitted to this allegation. Hendrick also pled in his Complaint that Count I, the FLSA claim, was brought pursuant to 29 U.S.C. § 206, the minimum wage provisions of the FLSA. These allegations further support the Court's determination that Summitville is not an employer under the IMWL because the definition explicitly excludes employers subject to the minimum wage provisions of the FLSA.

### IV. CONCLUSION

For the foregoing reasons, Defendant Town of Summitville, Indiana's Motion for Partial Summary Judgment ([Filing No. 9](#)) is **GRANTED**. Counts II and III of the Complaint are dismissed with prejudice. Count I of the Complaint remains pending for trial.

**SO ORDERED.**

Date: 9/22/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas Maurice Beeman
BEEMAN LAW
tom@beemanlawoffice.com

Alex Maurice Beeman
BEEMAN LAW
alex@beemanlawoffice.com

Andrew G. Jones
LAW OFFICE OF ANDREW G. JONES
ajones@andrewgjoneslaw.com